# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-50016
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Javier Omar Quintana-Reyes,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-607-1

_____

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Javier Omar Quintana-Reyes appeals his conviction and sentence for illegal reentry into the United States after deportation. On appeal, Quintana-Reyes contends that the recidivism enhancement in 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum established by § 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50016

Although Quintana-Reyes acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review and has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Accordingly, Quintana-Reyes is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

IT IS ORDERED that Quintana-Reyes's motion is GRANTED, and the district court's judgment is AFFIRMED.